Hughes, J. concurring.
I write to emphasize this court's guidance that an Alexander hearing is not required in response to every pro se filing. I believe that Bodley and Melon rightly focus on confusion at trial . Forcing a defendant to give up the right to counsel prematurely will not lead to an efficient administration of justice. Any good defense lawyer worth his or her salt will file a motion for bond reduction, motion for preliminary exam, and motion to suppress at the earliest opportunity. 60 days, mentioned at oral argument, is too long. Motions to quash or for a speedy trial may require a little more thought.
When a defendant is forced to file motions because defense counsel has failed to do so promptly, a little common sense and advocacy can go a long way. Read the motion. Talk to the client. Give advice. If the client insists on doing it his or her own way, so be it. The consequences are then on the client. A stamped denial and a public defender litigating against his own client present embarrassing optics, and are not worthy of the duty of court and counsel.